24 F.3d 1250
 64 Fair Empl.Prac.Cas. (BNA) 1310
 Dorothy S. STEINLE, Plaintiff-Appellant,
v.
The BOEING COMPANY and Dudley Morris, Defendants-Appellees.
Equal Employment Advisory Council and Lawyers' Committee for
Civil Rights Under Law, Amici Curiae.
 No. 92-3149.
 United States Court of Appeals,
Tenth Circuit.
 May 20, 1994.
 
 James S. Phillips, Jr. of Phillips & Phillips, Chartered, Wichita, KS, for plaintiff-appellant.
 Mary Kathleen Babcock (Timothy B. Mustaine with her on the brief) of Fouston & Siefkin, Wichita, KS, for defendants-appellees.
 Robert E. Williams, Douglas S. McDowell, and Heidi K. McAuliffe of McGuiness & Williams, Washington, DC, filed a brief, for amicus curiae Equal Employment Advisory Council.
 Richard T. Seymour, Michael Selmi, and Sharon R. Vinick of Lawyers' Committee for Civil Rights Under Law, Washington, DC, filed a brief, for amicus curiae Lawyers' Committee.
 Before SEYMOUR, Chief Judge, MOORE, Circuit Judge, and BURCIAGA,* District Judge.
 SEYMOUR, Chief Judge.
 
 
 1
 This appeal raises only the issue of the retroactivity of the 1991 Civil Rights Act provision for compensatory and punitive damages, 42 U.S.C.A. Sec. 1981a(a)(1) (West Supp.1994), and the related right to present that claim to a jury, id. Sec. 1981a(c), for plaintiffs asserting a claim for intentional discrimination under 42 U.S.C.A. Sec. 2000e et seq. (Title VII). Because retroactivity is precluded by the Supreme Court's recent decision in Landgraf v. USI Film Prods., --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), we affirm.
 
 
 2
 Dorothy S. Steinle brought this civil rights action against the Boeing Company, who is her employer, and Dudley Morris, who was her supervisor during the relevant period of time. Ms. Steinle alleged that she was denied equal pay for equal work, and that after she filed a formal complaint with Boeing about her pay she was harassed by Mr. Morris both because of her sex and in retaliation for her complaint. She asserted claims under 29 U.S.C. Secs. 201 et seq. (The Equal Pay Act), Title VII, and the laws of Kansas.
 
 
 3
 While her lawsuit was pending in district court, Congress passed the Civil Rights Act of 1991. The Act provides that, in certain circumstances, a plaintiff may recover compensatory and punitive damages, see 42 U.S.C.A. Sec. 1981a(a)(1), and may demand a jury trial, see id. Sec. 1981a(c). Ms. Steinle filed a motion below to amend the pretrial conference order to add a claim for compensatory damages and a request for a jury trial under the 1991 Act. The district court denied the motion, ruling that the 1991 Act does not apply retroactively to cases pending in district court. See Steinle v. Boeing Co., 785 F.Supp. 1434, 1442 (D.Kan.1992).
 
 
 4
 The court certified its order denying retroactive application as appropriate for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). Id. at 1444. We accepted the certification and then abated the appeal pending the Supreme Court's decisions in two cases that presented the retroactivity issue with respect to several provisions of the 1991 Act, including the sections that Ms. Steinle relies on here. Those decisions have now been handed down. See Landgraf v. USI Film Prods., --- U.S. ----, 114 S.Ct. 1483, --- L.Ed.2d ---- (1994); Rivers v. Roadway Express, Inc., --- U.S. ----, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). The Court's decision in Landgraf is dispositive of the issue raised in this interlocutory appeal.
 
 
 5
 In Landgraf, as here, the plaintiff alleged that she had been the victim of sexual harassment in violation of Title VII on the basis of conduct that occurred before passage of the 1991 Act. While the appeal in Landgraf was pending, the 1991 Act became law and the plaintiff argued on appeal that her case should be remanded for a jury trial on damages pursuant to 42 U.S.C.A. Sec. 1981a. The court of appeals concluded that the 1991 Act does not apply to cases pending on appeal when it was enacted. The Supreme Court agreed.
 
 
 6
 In addressing the retroactivity of section 1981a, the Supreme Court stated:
 
 
 7
 When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.
 
 
 8
 Landgraf, --- U.S. at ----, 114 S.Ct. at 1505. The Court concluded that Congress did not express a clear intent that the Act apply to cases arising before its enactment. Id. at ---- - ----, 114 S.Ct. at 1492-96. The Court then observed that in assessing the retroactivity of the Act's provisions, "courts should evaluate each provision of the Act in light of" the judicial principles quoted above. Id. at ----, 114 S.Ct. at 1505. Applying those principles to the two provisions Ms. Steinle seeks to invoke here, the Court ruled that neither is to be given retroactive application. It concluded that the new compensatory damage remedy provided by section 1981a(a) "is the kind of provision that does not apply to events antedating its enactment in the absence of clear congressional intent." Id. at ----, 114 S.Ct. at 1506. The Court further concluded that because a jury trial is only available if the plaintiff seeks compensatory or punitive damages, "the jury trial option must stand or fall with the attached damages provisions." Id. at ----, 114 S.Ct. at 1505.
 
 
 9
 In view of the Supreme Court's determination under virtually identical circumstances that the 1991 Act's provisions permitting recovery of compensatory damages and a jury trial are not to be given retroactive application, we affirm the interlocutory order of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Juan G. Burciaga, Chief Judge, United States District Court for the District of New Mexico, sitting by designation